UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HARRY CRUZ,
individually and on behalf
of all others similarly situated,

    Plaintiffs,

v.                                    Case No.:

HUMANA AT HOME 1, INC.
And HUMANA, INC.,

    Defendant.
                                      /

## COMPLAINT
### Preliminary Statement

1.    This is a collective action lawsuit brought by Individual and Representative Plaintiff, Harry Cruz ("Plaintiffs" or "Class Representative"), on his own behalf and on behalf of those similarly situated. Plaintiff and the putative class members are or were employed by Defendants HUMANA INC. and HUMANA AT HOME 1, INC. ("Defendants") and were denied overtime pay required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The FLSA Collective Class is made up of all persons who are, have been, or will be employed by Defendants as a "Personal Health Coach", "Healthcare Coordinator" or other similar named position during the applicable statutory period, and provided case management services including conducting assessments of enrollees eligible for care, developing care plans, assisting with referrals to providers, resolving complaints and other matters, and performing other related duties with regard to the Defendants' contracts to provide service for Medicare Insurance enrollee's or in providing Medicare related services.

3. During the applicable statutory period, Defendants failed to pay overtime compensation to each member of the respective class as required by federal law. Plaintiffs seek relief for the Collective Class under the FLSA to remedy Defendants' failure to pay appropriate overtime compensation.

**Jurisdiction and Venue**

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein. This action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

5. Venue is proper in this Court because the Defendants transact business in Broward County Florida and Plaintiff has worked for Defendant in Broward County, Florida.

**Parties**

6. Defendant, HUMANA AT HOME 1, INC., is a foreign for-profit corporation with its principle address at 800 Carillon Parkway, Suite 240, St. Petersburg, Fla 33176 and is registered to do business in Florida.

7. Defendant, HUMANA AT HOME 1, INC., is a multi-line healthcare enterprise that provides programs and related services to Medicare-insured individuals throughout Florida and the United States.

8. Defendant, HUMANA AT HOME 1, INC., operates in interstate commerce by, among other things, providing managed care services to Medicare beneficiaries in multiple states across the country, including Florida.

9. Defendant's, HUMANA AT HOME 1, INC., gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

10. At all relevant times, Defendant, HUMANA AT HOME 1, INC., is, and has been, an "employer" engaged in interstate commerce

and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant, HUMANA AT HOME 1, INC., is also actively involved in the day to day work activities/operations of Plaintiff, including matters concerning hiring, firing setting policies, making procedures, setting rates of pay, and other business operations.

12. Defendant, HUMANA INC., is a foreign for-profit corporation with its principle address at 500 West Main Street, Louisville, Ky 40202 and is registered to do business in Florida.

13. Defendant, HUMANA INC., is a multi-line healthcare enterprise that provides programs and related services to Medicare-insured individuals throughout Florida and the United States.

14. Defendant, HUMANA INC., operates in interstate commerce by, among other things, providing managed care services to Medicare beneficiaries in multiple states across the country, including Florida.

15. Defendant's, HUMANA INC., gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

16. At all relevant times, Defendant, HUMANA INC., is, and have been, an "employer" engaged in interstate commerce and/or the

production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Defendant, HUMANA AT HOME 1, INC., is also actively involved in the day to day work activities/operations of Plaintiff, including matters concerning hiring, firing setting policies, making procedures, setting rates of pay, and other business operations.

18. Defendants operated under a common scheme, plan, organization, and are otherwise intertwined or interdependent such that they create a common employer under the law.

19. Defendants are the Plaintiff's employer.

20. Plaintiff, HARRY CRUZ, is an adult resident of the State of Florida and has been employed by Defendants as a "Personal Health Coach", "Healthcare Coordinator", or similar title at times during the three (3) years prior to the filing of this Complaint, and was employed by the Defendants while Defendants conducted business in this district and division. Plaintiff is/was an "employee" of Defendants within the meaning of the FLSA.

21. The other putative class members are adult residents of the United States and have been employed by Defendants as a a "Personal Health Coach", "Healthcare Coordinator", or similar title at times during the

three (3) years prior to the filing of this Complaint, and were employed by the Defendants while Defendants conducted business in the United States of America. Putative class members are "employees" of Defendants within the meaning of the FLSA.

22. Similarly situated employees may seek to join this case by executing an "Opt-In Form" which will be filed with the court. Employees who file such forms are "Opt-In Plaintiffs". The FLSA allows similarly situated plaintiffs to join a collective action by filing Opt-In Forms.

**Factual Allegations**

23. Defendants have entered into an agreement with the United States government to provide Medicare related services to individuals who are eligible to receive Medicare. As part of this agreement, the Defendants have contracted to provide managed care services, including medical assistance and long term care, for eligible enrollees under the Medicare program. Under the contract, Defendants are required to provide Medicare enrollees case management and care coordination services including assisting enrollees in accessing medical, social and educational services.

24. Plaintiff, Opt-In Plaintiffs, and the members of the Putative Class are similarly situated individuals and were employed by the

Defendants in the positions of Personal Health Coach's, Healthcare Coordinator, Home Visit Field Case Manager, Wellness Coordinator, (and other similarity titled positions) (hereinafter collectively referred to as "Healthcare Coordinators"). These "Healthcare Coordinators" were responsible for delivering and performing case management and care coordination services described herein. As "Healthcare Coordinators", Plaintiffs, Opt-in Plaintiffs, and the putative class members' primary job duty was non-exempt work including, among others, conducting assessments of enrollees eligible for care, developing care plans, assisting with referrals to providers, resolving complaints and other matters, and performing other related duties.

25. The Defendants provided the "Healthcare Coordinators" varying job titles, but they performed similar work.

26. Plaintiff, Opt-In Plaintiffs and the putative class members were paid a salary with no overtime pay.

27. At all times, relevant herein, Defendants operated a willful scheme to deprive their "Healthcare Coordinators", including Plaintiff, Opt-In Plaintiffs, and members of the putative class, overtime compensation.

19. Defendant suffered and permitted Plaintiff, Opt-In Plaintiffs, and the putative class members to work more than forty (40) hours per week without overtime pay.

20. Defendant have been aware, or should have been aware, that Plaintiff, Opt-In Plaintiffs, and the putative class members performed non-exempt work that required payment of overtime compensation. Defendant also required Plaintiff, Opt-In Plaintiffs, and the similarly situated individuals to work long hours and on weekends, including overtime hours, to complete all of their job responsibilities and meet Defendant's productivity standards.

21. Plaintiff's supervisors knew that Plaintiff and other putative class members were working overtime hours because they required Plaintiff and others to work overtime hours and/or were present during those hours.

22. Although they had a legal obligation to do so, Defendants did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the putative class members.

### Collective Action Allegations

23. Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

24. Plaintiff file this action on behalf of himself and all similarly situated individuals. Pursuant to 29 U.S.C. § 216(b), Plaintiff's signed consent forms are attached as Exhibit A.

25. The employees similarly situated and members of the Putative Class are:

> All persons who are, have been, or will be employed by Defendants as a Personal Health Coach, Healthcare Coordinator, Home Visit Field Case Manager, Wellness Coordinator, (and other similarity titled positions) at any time from three years prior to the filing of this Complaint through the entry of judgment and provided case management services including conducting assessments of enrollees eligible for care, developing care plans, assisting with referrals to providers, resolving complaints and other matters, and performing other related duties for Medicare related health plans.

26. Plaintiff, Opt-In Plaintiffs, and the FLSA Putative Class worked or work in excess of forty (40) hours during workweeks within the applicable statutory period.

27. Defendants did not pay Plaintiff, Opt-In Plaintiffs, or the FLSA Collective overtime premiums for their overtime hours worked.

27. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

28. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, Opt-In Plaintiffs, and the similarly situated individuals. Accordingly, notice should be sent to the FLSA Collective Class members. There are numerous similarly situated current and former employees of Defendants who have suffered from the Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

**Violations of the Fair Labor Standards Act**

**Failure to Pay Overtime**

30. Plaintiff, Opt-In Plaintiffs, and the Putative Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

31. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

32. Defendants suffered and permitted Plaintiff, Opt-In Plaintiffs and the FLSA Putative Class to work more than forty (40) hours per week during weeks within the statutory period without paying them overtime compensation.

33. Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff, Opt-In Plaintiffs, and the FLSA Putative Class the required overtime pay.

34. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff, Opt-In Plaintiffs, and the FLSA Putative Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff, Opt-In Plaintiffs, and the FLSA Putative Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

35. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Opt-In Plaintiffs, and the FLSA Putative Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew, or showed reckless disregard, of the fact that its compensation practices were in violation of these laws.

**Prayer for Relief**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, (including Opt-In Plaintiffs and members of the Putative Class) pray for relief as follows:

A. Designation of this action as a collective action on behalf of the Plaintiff, Opt-In Plaintiffs, and FLSA Putative Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendants in the amount of Plaintiff', Opt-In Plaintiff's and the FLSA Putative Class's unpaid overtime wages at the applicable overtime rates;

C. An additional and equal amount as liquidated/statutory damages under 29 U.S.C. § 216(b);

D. A finding that Defendants' violations of the FLSA were willful and not done in good faith;

E. All reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

F. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

G. Leave to add additional plaintiffs by motion, the filing of written Opt-In consent forms, or any other method approved by the Court; and

H. All further relief as the Court deems just and equitable.

Dated April 11, 2017.

s/Jeremiah J. Talbott
JEREMIAH J. TALBOTT
Fla. Bar No. 0154784
Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, FL 32503
(850) 437-9600
(850) 437-0906 (fax)

jjtalbott@talbottlawfirm.com

<u>s/Sean Culliton</u>
SEAN CULLITON
Fla. Bar No. 0986232
Sean Culliton, Esq., LLC
150 John Knox Road
Tallahassee, FL 32303
(850) 385-9455
(813) 441-1999 (fax)
Sean.Culliton@gmail.com


<u>s/John C. Davis</u>
JOHN C. DAVIS
Fla. Bar No. 0827770
Law Office of John C. Davis
623 Beard Street
Tallahassee, FL, 32303
(850) 222-4770
(850) 222-3119 (fax)
john@johndavislaw.net

Attorneys for Plaintiffs