UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY CRUZ, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.                              CASE NO. 8:17-cv-1234-T-24-JSS

HUMANA AT HOME 1, INC.,
and HUMANA INC.

    Defendants.
_____/

**JOINT MOTION TO REOPEN CASE AND FOR APPROVAL OF UNPAID WAGES SETTLEMENT AND DISMISSAL OF HARRY CRUZ, CHIMERE FORD, AND SHASHANA NIXON'S ACTION *WITH PREJUDICE* AND INCORPORATED MEMORANDUM OF LAW**

        Plaintiffs, HARRY CRUZ, CHIMERE FORD, and SHASHANA NIXON (collectively "Plaintiffs") and Defendants, HUMANA AT HOME 1, INC. and HUMANA INC. ("Defendants"), by and through their respective undersigned counsel and pursuant to Local Rule 3.01, jointly move this Honorable Court to reopen this case and approve the settlement reached by the parties of the Fair Labor Standards Act ("FLSA") unpaid wages claim in this case and to dismiss Plaintiffs' claim with prejudice, and in support thereof state as follows:

        1.    On or about August 11, 2017, Plaintiffs filed a Second Amended Complaint against Defendants, which is the controlling Complaint in this case, seeking back pay, liquidated damages, attorney's fees, and costs for alleged unpaid wages in violation of the FLSA. (Doc. 48). Specifically, Plaintiffs claim that they were not paid all overtime wages

owed to them, because they worked off the clock.  Thus, Plaintiffs claim that they are owed certain overtime wages at time and a half.  Defendants deny these allegations.

2. Plaintiffs attempted to bring their claim on behalf of individuals that were purportedly similarly-situated to Plaintiffs.  On October 30, 2017, however, this Court entered an Order denying Plaintiffs' Motion for Conditional Certification and Facilitation of Court-Authorized Notice. (Doc. 66).

3. As the parties previously notified the Court based on the filing of the Notice of Settlement (Doc. 45), the parties have successfully come to an agreement to resolve their disputes as to Plaintiffs' FLSA claim.  The parties now seek approval from the Court of the settlement agreement for Plaintiffs' unpaid wages claims and dismissal of Plaintiffs' claim *with prejudice*.[1]  The unpaid wages settlement agreements are attached as Composite **Exhibit 1.**

4. The settlement provides that Defendants will pay Plaintiffs as follows:

- Harry Cruz:
    - $2,354.16, made payable to Harry Cruz as and for back pay;
    - $2,354.16, made payable to Harry Cruz as and for liquidated damages allegedly due to him; and
    - $2,500.00, made payable to Sean Culliton, Esquire LLC, as attorneys' fees and costs.

- Chimere Ford:
    - $3,464.84, made payable to Chimere Ford as and for back pay;
    - $3,464.84, made payable to Chimere Ford as and for liquidated damages allegedly due to her;
    - $2,500.00, made payable to Sean Culliton, Esquire LLC, as attorneys' fees and costs.

---

[1] This dismissal shall resolve this case in its entirety as Plaintiffs are the only plaintiffs left in this suit.  This Court previously approved the settlements of the plaintiffs in *Poggi v. Humana At Home 1, Inc. and Humana Inc*. Case NO. 8:17-cv-433-T-24-MAP.

2

- Shashana Nixon:
    - $4,078.26, made payable to Shashana Nixon as and for back pay;
    - $4,078.26, made payable to Shashana Nixon as and for liquidated damages allegedly due to her;
    - $2,500.00, made payable to Sean Culliton, Esquire LLC, as attorneys' fees and costs.

5. As described more fully below, the parties agree this is a fair and reasonable settlement of a bona fide dispute.

6. On March 30, 2018, this Court entered an Order dismissing this case without prejudice to the right of any party to re-open the action within sixty (60) days, upon good cause shown, based on the Notice of Settlement. (Doc. 46). Thus the parties now jointly move to reopen this case as they aver that, as more fully explained below, good cause has been showed as they seek approval of this settlement and dismissal of this case with prejudice.

## MEMORANDUM OF LAW

### A.  Standard of Review.

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement

3

reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement:
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007)(citing *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977)).

**B.   There Is a Bona Fide Dispute as to Plaintiffs' FLSA Claims and All of the Relevant Criteria Support Final Approval of the Settlement.**

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

<u>Nature of the Dispute</u>

Plaintiffs were non-exempt employees of Humana at Home 1, Inc. who held the position of Case Manager-Care Coordinator SNP, which is also known as a Healthcare

4

Finder ("Case Manager"). Cruz was employed as a Case Manager from September 7, 2013 to April 3, 2017. Cruz filed suit against Defendants on April 11, 2017, in the United States District Court, Southern District of Florida, Case No. 0:17-CV-60716 ("Southern District Case"), which was consolidated with the instant action on June 28, 2017. Nixon was employed as a Case Manager from February 19, 2015 to April 3, 2017. Nixon filed her consent to join the Southern District Case on April 13, 2017. Ford was employed as a Case Manager from April 21, 2011 to May 3, 2016. Ford filed her consent to join the Southern District Case on April 13, 2017. Plaintiffs were paid hourly and time and a half for all hours over forty (40) hours in a workweek. Plaintiffs claim they worked off the clock and were not time for this time worked over forty (40) hours in a workweek. Thus, Plaintiffs seek damages for back pay at time and a half.

Defendants deny Plaintiffs' allegations and contend that no amounts are due and owing because Plaintiffs did not work off the clock. To the extent that Plaintiffs worked off the clock, Defendants were not on notice of Plaintiffs' working. The parties agree that there are no records that show for exactly how long each week Plaintiffs were engaged in off the clock work when they were employed by Humana at Home 1, Inc.

Summary of the Settlement

After considering the above dispute, the parties agreed to a settlement of Plaintiffs' claims. The parties have exchanged time and pay records and made calculations assuming Plaintiffs worked off the clock. Under the settlement, Plaintiffs will receive wages for alleged time spent over and above 40 hours in a week working off the clock and an equivalent amount for liquidated damages. The wages paid to each Plaintiff equate to working

5 hours off the clock every pay period during their employment with Humana at Home 1, Inc. This settlement fully compensates Plaintiffs for the time they claims they worked over and above 40 hours in a workweek off the clock. Finally, the settlement agreement provides that Defendants will pay a total of $7,500.00 to Plaintiffs' counsel as attorneys' fees and costs. The parties agree that this is a reasonable resolution to Plaintiffs' claims.

### The *Leverso* Factors

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees*, 706 F. Supp. 2d at 1243-44. Compromise may be permissible if, for example, the FLSA issue in a case is unresolvedly close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id*. at 1244. Here, the parties agree that there is a bona fide dispute as to whether Plaintiffs worked off the clock, and, if so, how many times and for how long.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiffs were represented by Sean Culliton of Sean Culliton, Esquire LLC; The Law Office of John C. Davis; Jeremiah J. Talbott, P.A. and Defendants were represented by Stephanie Adler-Paindiris of Jackson Lewis P.C. All counsel involved in this case have extensive experience in litigating claims under the FLSA, including claims for unpaid overtime wage

compensation. Each counsel was obligated to, and did, vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also militate in favor of this settlement. The parties continue to disagree over the merits of the claims Plaintiffs asserted. As noted above, Plaintiffs contend Defendants failed to pay them for hours they worked over and above forty (40) hours in a workweek when they worked off the clock. Defendants maintain that Plaintiffs did not work off the clock and, even if Plaintiffs worked off the clock, Defendants were not on notice of Plaintiffs' work. Moreover, the parties agree that there are no records that show exactly when Plaintiffs were engaged in alleged off the clock work. If the parties continued to litigate this matter, they would be forced to engage in additional discovery, possible motion practice, and ultimately a costly trial to resolve this matter, the merits of which are uncertain. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been sufficient investigation and exchange of information to allow counsel and the parties to make well-reasoned decisions in this matter. The parties have exchanged relevant information pertaining to the factual basis for the claims and defenses in the matter. In agreeing upon the proposed settlement, the parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiffs' probability of success on the merits is uncertain, further suggesting that this settlement is fair and appropriate. As noted, Defendants maintain that Plaintiffs were properly paid all wages owed to them. The range of possible recovery by Plaintiffs also is

7

open to dispute. Even if Plaintiffs succeed on the merits of their claim, which would require substantial additional time and exercise of resources by both parties, the exact amount of their recovery is uncertain. Additionally, Plaintiffs considered their ability to prove the number of hours and days they spent performing off the clock work. Another factor considered was the viability of Defendants' defense that Defendants did not know and could not have known that Plaintiffs were working off the clock. In light of the uncertainty of the amounts, if any, Plaintiffs would recover if they were to continue litigating their claims, the Court should find that the settlement is fair and reasonable.

Finally, all Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. Accordingly, the Court should find that their recovery is a fair and reasonable settlement of a bona fide dispute.

### C. **The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms* at 5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiffs' counsel

where both parties stipulate as to the reasonableness of the attorney's fees. *See Helms* at 12 ("The FLSA does not require the court to assess the fairness of the agreed payment of attorney's fees in settling an individual action.). Here, the Parties stipulate that the proposed fees to Plaintiffs' counsel are reasonable and were negotiated separately from and without regard to the amounts being paid to Plaintiffs under the terms of the settlement agreements. *See Bonetti v. Embarq Mgmt.*, Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (there is no reason to assume the attorneys' fee influenced reasonableness of settlement when attorneys' fees were negotiated separately and without regard to amounts being paid to plaintiff on a compromised FLSA claim). Therefore, the Parties request that this Court find the proposed attorneys' fees reasonable.

## CONCLUSION

The settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court reopen this case and grant this Joint Motion for Approval of the FLSA Settlement Agreement and enter a Final Order of Dismissal of Plaintiffs', Harry Cruz, Chimere Ford, and Shashana Nixon, claims with prejudice.

**WHEREFORE**, the Parties respectfully request that the Court (i) reopen this case; (ii) GRANT this Joint Motion for Approval of the Settlement; (iii) APPROVE the settlements outlined in this motion and the attached settlement agreements; (iv) DISMISS this action with prejudice, and (v) GRANT such further relief as the Court deems appropriate.

DATED this 8th day of May, 2018.

Respectfully submitted,

| | |
|---|---|
| Sean Culliton, Esq., LLC<br>150 John Knox Road<br>Tallahassee, FL 32303<br>(850) 385-9455<br>Fax #: (813) 441-1999 | JACKSON LEWIS P.C.<br>390 North Orange Avenue, Suite 1285<br>Post Office Box 3389<br>Orlando, Florida 32802-3389<br>Telephone:   (407) 246-8440<br>Facsimile:     (407) 246-8441 |

By:   */s/ Sean Culliton*
　　　Sean Culliton
　　　Florida Bar No. 0986232
　　　sean.culliton@gmail.com

By:   */s/ Amanda A. Simpson*
　　　Stephanie L. Adler-Paindiris
　　　Florida Bar No. 523283
　　　Stephanie.adler-paindiris@jacksonlewis.com

Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, FL 32503
(850) 437-9600
Fax #: (850) 437-0906

　　　Amanda A. Simpson
　　　Florida Bar No. 0072817
　　　Amanda.simpson@jacksonlewis.com

Attorneys for Defendants

By:   */s/ Jeremiah J. Talbott*
　　　Jeremiah J. Talbott
　　　Florida Bar No. 0154784
　　　jjtalbott@talbottlawfirm.com

Law Office of John C. Davis
623 Beard Street
Tallahassee, FL  23203
Phone:  850-222-4770
Fax:  850-222-3119

By:   */s/ John C. Davis*
　　　John C. Davis
　　　Florida Bar No. 0827770
　　　john@johndavislaw.net

Attorneys for Plaintiff

4823-6483-8500, v. 3