UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY CRUZ, individually and
on behalf of all others similarly situated,
    Plaintiff,
v.                                                    Case No. 8:17-cv-1234-T-24 JSS
HUMANA AT HOME 1, INC.
and HUMANA, INC.,
    Defendants.
_____/

## ORDER

This cause comes before the Court on the parties' Joint Motion to Reopen Case and Approve Settlement. (Doc. No. 49). As explained below, the motion is granted.

**I. Background**

Plaintiff Harry Cruz filed this Fair Labor Standards Act ("FLSA") lawsuit on April 11, 2017 in the Southern District of Florida, and the case was later transferred to this Court. On April 13, 2017, Chimere Ford and Shashana Nixon filed consents to join this action. (Doc. No. 7, 8). On June 28, 2017, this case was consolidated with another case, Poggi v. Humana, 8:17-cv-433-T-24 MAP, with the Poggi case being the lead case. This Court denied conditional certification in the Poggi case, but the Court stated that Poggi could file an amended complaint adding opt-in plaintiffs Ford and Nixon to the case. (Doc. No. 66 in Case No. 8:17-cv-433-T-24 MAP). Prior to filing such an amended complaint, Poggi settled his FLSA claim, and the Court un-consolidated the Cruz and Poggi cases. (Doc. No. 41).

Thereafter, Defendants settled Cruz, Ford, and Nixon's claims, and the parties sought review and approval of the settlement agreements. (Doc. No. 47). The Court, however, found that only Cruz was a plaintiff in this case, because an amended complaint was never filed naming

Ford and Nixon as plaintiffs. (Doc. No. 48). As a result, this Court only reviewed and approved the settlement of Cruz's claims. (Doc. No. 48).

**II. Motion to Reopen and Approve Settlement**

In the instant motion, Defendants, Ford, and Nixon ask the Court to reopen this case and approve the settlement of Ford and Nixon's claims based on a newly decided case from the Eleventh Circuit. In Mickles v. Country Club Inc., 887 F.3d 1270 (11th Cir. 2018), the court addressed the issue of what is required in order to confer party status on an opt-in participant in an FLSA case under 29 U.S.C. § 216(b).[1] In Mickles, three people (Lemon, Houston, and McAllister) filed consents to join the lawsuit. See id. at 1274. However, the district court denied the named plaintiff's motion for conditional certification, because the motion was not timely filed. See id. The defendant filed a motion for clarification regarding which people remained party-plaintiffs, and the district court ruled that Lemon, Houston, and McAllister were never made party-plaintiffs because the court had never adjudicated them to be similarly situated to the named plaintiff. See id. at 1275.

On appeal, the appellate court disagreed with the district court's conclusion that Lemon, Houston, and McAllister were never made party-plaintiffs. See id. at 1278. The appellate court noted that this was a question of first impression in every circuit. See id. at 1277. However, the appellate court found "that conditional certification is unnecessary to obtain party-plaintiff status." Id. The appellate court explained:

> The plain language of § 216(b) supports that those who opt in become

---

[1] The relevant portion of § 216(b) states: "No employee shall be a party plaintiff to any such [FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

> party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required. . . . [C]onditional certification does not serve the purpose of joining plaintiffs to the action. . . .[Instead], conditional certification is solely for notice purposes and does nothing to determine if a party becomes a plaintiff. . . . Although § 216(b) also requires an opt-in plaintiff be similarly situated to the named plaintiff, the opt-in plaintiffs remain party plaintiffs until the district court determines they are not similarly situated and dismisses them.

Id. at 1278 (internal citations omitted). Because the district court never determined that Lemon, Houston, and McAllister were not similarly situated to the named plaintiff and dismissed them, they remained party-plaintiffs in the case. See id.

Based on Mickles, the parties argue that Ford and Nixon are plaintiffs in this case, because this Court never found them not to be similarly situated to the named plaintiffs. In fact, this Court specifically acknowledged that they could remain in this case and directed Poggi to file an amended complaint to add them as plaintiffs. Accordingly, based on Mickles, the Court grants the parties' motion to reopen this case in order to review and approve the settlements of Ford and Nixon's claims. Furthermore, upon review of the settlement agreements for Ford and Nixon's claims and upon due consideration of the record in this case, the Court finds that the settlement agreements are fair and reasonable resolutions of bona fide disputes over FLSA provisions.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) The parties' Joint Motion to Reopen Case and Approve Settlement (Doc. No. 49) is **GRANTED**.

(2) The parties' prior Motion for Approval of Settlement (Doc. No. 47) as to Ford and

Nixon's claims is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of June, 2018.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge